CROSS, Judge
(dissenting).
I must respectfully dissent. The trial court was in error in refusing to declare a mistrial when the witness for the state disclosed pursuant to a question by the state that she was the wife of the deceased. The majority expresses the fact that proof of family relationship is admissible when relevant to an issue before the court. With this we are in full agreement. However, we feel in the case before us the status of the witness for the state being that of the deceased victim’s wife was clearly irrelevant and immaterial to any issue before the court and highly prejudicial to the defendant.
It is clear that the identity of the deceased was established by several witnesses for the state prior to any testimony being elicited from the wife of the deceased and the state admits that the wife of the deceased was not called for the purpose of identifying the deceased.
The state contends and the majority agrees that the wife of the deceased was called for the purpose of showing that the defendant admitted to her that he was responsible for her husband’s beating and that the defendant’s admission would have little meaning without the additional showing that the witness who the defendant admitted this to was in fact the wife of the deceased. This reasoning is completely fallacious and does not contain the slightest element of rationale. The state could have elicited from its witness the statement made to her by the defendant without showing that she was the wife of the deceased. Prior to the state’s witness testifying the identity of the deceased was established as being Franklin James Sullivan. If any juror would not have recognized the name Frank in the phrase “beat up Frank” as being the name of the victim, it would have been a simple matter for the state to tie the name Frank to the victim without showing that the state’s witness was the wife of the victim in order to accomplish this.
The majority feels the state’s witness’ relationship to the victim was a relevant fact that explained and gave credence to her testimony. If the defendant had divulged that he had “beat up Frank” to a third party who had no relationship whatsoever to the deceased and this third party then testified as to what the defendant told him, would such testimony be completely devoid of probative value? The answer is obviously no. Such testimony would be relevant to the issue and would contain great probative value. It is therefore obvious that the probative value of the defendant *135 saying that he had “beat up Frank” is not conditioned upon the party to whom he made such an admission. That party’s relationship to the victim therefore is wholly irrelevant.
To hold such evidence in the case before us as not prejudicial to the defendant is to disregard the realities of trial atmosphere and the emotional frailties of human nature.
I would reverse the judgment and remand the cause for a new trial.